UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA WHITE, | No. 2:13-cv-02434-AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), filed on January 18, 2015. ECF No. 30. The Commissioner has not filed an opposition.

Plaintiff brought this action on November 21, 2013, seeking judicial review of a final administrative decision denying her application for period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. On December 10, 2014, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion in part, reversed the decision of the Commissioner and remanded the action for further proceedings. ECF No. 28.

The court's decision was based upon the conclusion that the Administrative Law Judge ("ALJ") committed legal error by failing to call a medical expert to testify regarding the onset

1

Case 2:13-cv-02434-AC   Document 31   Filed 03/02/15   Page 2 of 5

date of plaintiff's multiple myeloma. Id. at 9. Summary judgment was therefore entered for plaintiff on this issue, but denied on the remaining issues. Id. The court remanded the matter for a new hearing and directed the ALJ to call a medical expert to testify to the onset date of plaintiff's multiple myeloma and re-evaluate her disability determination accordingly. Id.

On January 18, 2015, plaintiff filed a motion for attorney fees seeking a fee award of $4,551.26 for 25.5 hours of attorney time expended in connection with this action. See ECF No. 30 at 1.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

2

Here, the court finds that plaintiff is the prevailing party. Moreover, the court finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two million dollars when this action was filed. The court also finds that the position of the government was not substantially justified. Once again, "[i]t is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez, 274 F.3d at 1258. The Commissioner has not filed an opposition to plaintiff's request for EAJA fees. Accordingly, the court finds that the Commissioner has not met its burden and the position of the government was not substantially justified.[1]

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[2] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147–49 (9th Cir. 2001); Atkins, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

---

[1] Even if the Commissioner had opposed plaintiff's request for EAJA fees, the court would not have found the government's position to be substantially justified or that special circumstance exist. "[R]egardless of how careful and well supported the ALJ's inference may be . . . [w]here the evidence is ambiguous and there are indications that the claimant's . . . condition was disabling prior to the [last date insured], then a medical expert must be called." Quarles v. Barnhart, 178 F. Supp. 2d 1089, 1096 (N.D. Cal. 2001). As the court details more in its December 10, 2014, order, ECF No. 28, the ALJ failed to call a medical expert despite the existence of evidence establishing the ambiguity of plaintiff's onset date. The court will not, therefore, find that the government's position was substantially justified or that special circumstances exist making the award of EAJA fees unjust. See Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action.").

[2] In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are consistent with the statutory maximum rates established by the Ninth Circuit.

Here, plaintiff's attorney obtained an order for a new hearing despite defendant's cross-motion for summary judgment. After carefully reviewing the record and the pending motion, the court finds that the claimed 25.5 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-cv-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008). 25.5 hours can be fairly characterized as well within the limit of what would be considered a reasonable amount time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Boulanger v. Astrue, 2:07-cv-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, 2:06-cv-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo, 2011 WL 4383636, at *5 (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time).

The court will not, however, grant plaintiff's motion in full because plaintiff's counsel does not show why he and not plaintiff is entitled to the EAJA fees. Generally, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 586 (2010). Although this court has often upheld agreements where plaintiff has assigned her right to EAJA fees to her attorney, see Blackwell v. Astrue, 2:08-cv-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, 2:09-cv-0112 EFB, 2011 WL 976484, at *2–3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, 09-cv-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010), plaintiff's counsel does not attach any such agreement to his motion, or even allege that one exists. Accordingly, unless counsel for plaintiff can supply the Commissioner with a valid agreement assigning plaintiff's right to EAJA fees to her counsel the Commissioner

shall pay EAJA fees to plaintiff herself.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act, ECF No. 30, is GRANTED IN PART;

2. Plaintiff is awarded $4,551.26 for attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorneys' fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall pay EAJA fees directly to plaintiff unless plaintiff's counsel can provide the Commissioner with a valid agreement assigning EAJA fees to plaintiff's counsel.

DATED: February 27, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE